# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

UNITED STATES OF AMERICA ex rel.    )
KEVIN WILLIAMS (#R26544),    )
    )
               Petitioner,    )
    )
            v.    )    Case No. 15 C 3183
    )
RANDY PFISTER, Warden,    )
Pontiac Correctional Center,    )
    )
               Respondent.    )

## MEMORANDUM ORDER

In the nearly 11-1/2 years since he was convicted of first degree murder and related

crimes for which he is currently serving an aggregate 65-year sentence, Kevin Williams

("Williams") has gone to the well an extraordinary number of times in unsuccessful efforts to

overturn his conviction and sentence. Now he has turned to the federal court by filing a 28

U.S.C. § 2254[1] Petition for Writ of Habeas Corpus ("Petition"), and the case has been assigned

to this Court's calendar under our District Court's system of random assignment. This

memorandum order is issued sua sponte because of several problematic aspects revealed by

Williams' Petition and by some of the underlying materials that this Court and its law clerk have

been able to dredge up after a good deal of effort.

As for Williams' prior efforts to call on the state courts for relief, his Petition lists no

fewer than four separate proceedings that he launched after his direct appeal had produced an

---

[1] All further references to Title 28's provisions will simply take the form "Section --," omitting the prefatory "28 U.S.C. §."

affirmance by the Illinois Appellate Court for the First District followed by an unpublished order

of affirmance by the Illinois Supreme Court. Thereafter Williams filed and lost challenges that

he advanced in (1) two separate post-conviction proceedings, (2) a state habeas action and

(3) most recently a petition for relief from judgment pursuant to 735 ILCS 5/2-1401. Because

appropriate practice in this District Court calls for a threshold determination of Williams' current

Section 2254 action's timeliness or untimeliness,[2] and because it is obviously desirable to engage

in the exploration of some possible issue-narrowing before the Illinois Attorney General's Office

is put to the laborious task of assembling the records and presenting responsive arguments on so

many issues spanning such a long time frame, some more useful information is needed from

Williams himself.

In that last respect, although the staff at the Illinois Appellate Court has been entirely

cooperative in responding to document requests by this Court's law clerk based on the dating

information provided in the current Section 2254 action, that court's recordkeeping is based on

its docket numbers (we are advised that the multiplicity of filings bearing the "Kevin Williams"

name is so large that a name search is not a feasible means of assembling the information).

Because the thoroughness of Williams' listings in the Petition suggests that he is likely to have

been meticulous in retaining all relevant documents in connection with this case, he is ordered to

provide this Court on or before May 8, 2015 with copies of every opinion and order from the

Illinois Appellate Court and Supreme Court that he possesses in connection with his multiple

post-conviction efforts.

---

[2] Section 2244(d)(1) establishes a one-year limitation period for Section 2254 actions, so that the timeliness of the current action will depend on Williams' ability to invoke the tolling provisions of Section 2244(d)(2) for periods aggregating nearly 10-1/2 years.

There are also other and more substantive aspects of the present proceeding on which more input is required from Williams to facilitate this Court's initial approach to the current Section 2254 Petition. There he purports to advance no fewer than nine grounds that he views as predicates for federal relief, and his Petition Part III emphasizes, via bold face type and capital letters, this fundamental requirement before a petitioner lists his or her purported grounds:

> Before proceeding in the federal court, you must ordinarily first exhaust your state court remedies with respect to each ground for relief asserted.

Accordingly Williams is further ordered to supplement his Petition with a table that (1) lists each of his grounds for relief (for which purpose just citing the number of each ground will be sufficient) and (2) identifies for each of the grounds which of Williams' unsuccessful state court proceedings (either his direct appeal or one of his four post-conviction efforts) assertedly exhausted that ground.

In that respect the Illinois Appellate Court's unpublished October 18, 2011 opinion (2011 IL App (1st) 091520-U, 2011 WL 9692701) states in part, citing People v. Pendleton, 223 Ill. 2d 458, 469, 861 N. E. 2d 989, 1009 (2006):

> In this appeal from that order [the Cook County Circuit Court's dismissal of Williams' first post-conviction petition], defendant has abandoned his claims of actual innocence and ineffective assistance of trial counsel.

That abandonment, and any other like deficiencies attendant on Williams' journeys through the courts, certainly reads as though it would outlaw as nonexhausted the corresponding grounds that he now seeks to raise under Section 2254: Ground One, which he labels "Petitioner is actually innocent of first degree murder," and Ground Four, in which he charges that he "was denied and deprived of effective assistance of trial counsel."

Later in the same October 18, 2011 opinion the Illinois Appellate Court, again citing Pendleton, rejected Williams' claim there that he had been the victim of ineffective assistance of appellate counsel -- and its basis for that rejection was that Williams had "forfeited the issue for review." Although that ruling was directly responsive to one specific contention as to appellate counsel's claimed deficiency, it appears equally applicable to all of his contentions in that category -- as the opinion stated regarding its predicate for forfeiture:

> Defendant claimed generally that appellate counsel failed to raise each of the 30 claims from his motion for new trial on direct appeal, without delineating any of them.

And that being so, the forfeiture ruling by the Illinois Appellate Court certainly appears likely also to deep-six Williams' Ground Five, which he has stated in these generic terms:

> Petitioner was denied effective assistance of appellate counsel during direct appeal.

What has been said to this point does not of course purport to be exhaustive, for it is drawn only from material that a surface search has turned up. It rather points up the need for further exploration of nonexhaustion issues up front, so that Williams -- who of all people knows where such figurative bodies are buried -- must come forward with more information.

Two last brief comments on unrelated subjects are in order. This memorandum order speaks to them in the interest of completeness.

For one thing, Williams has accompanied his current Petition with an In Forma Pauperis Application ("Application") prepared on another Clerk's-Office-supplied form. In that respect he is advised that the only District Court filing fee charged in Section 2254 actions is the modest sum of $5, so that the Application is denied. Instead Williams is ordered to accompany the

materials called for in this memorandum order, which as stated earlier must be filed on or before

May 8, 2015, with a payment of the $5 filing fee.

As for the second still-open item, Wilson has submitted another Clerk's-Office-supplied

document, this one a Motion for Appointment of Counsel ("Motion") intended for use by

unrepresented litigants. That Motion reflects just one unsuccessful attempt to obtain

representation by a well-known lawyer, an effort that elicited a response that a non-refundable

$1,500 flat fee would be charged "to review your case." That single effort plainly does not

satisfy our Court of Appeals' requirement of efforts on the part of a pro se litigant to retain

counsel before turning to the court for possible assistance. In any event, though, what has

occupied the bulk of this memorandum order makes it appropriate simply to enter and continue

the Motion, and this Court does so.[3]

_____
Milton I. Shadur
Senior United States District Judge

Date: April 17, 2015

---

[3] In the interim Williams would be well advised to continue to seek counsel on his own, in the hope that such added efforts will satisfy our Court of Appeals' requirement and perhaps lead to the granting of the Motion -- if the action has survived, of course.