# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ex rel. ) | |
| **KEVIN WILLIAMS** (#R26594), ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 15 C 3183 |
| ) | |
| **RANDY PFISTER**, Warden, ) | |
| Pontiac Correctional Center, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION AND ORDER

This attempted 28 U.S.C. § 2254[1] Petition for Writ of Habeas Corpus ("Petition") that had been filed pro se in this District Court by repeat litigator Kevin Williams ("Williams") has been snake-bitten from the very outset. After more than three months of delay marked by several orders issued by this Court seeking additional information relevant to the timeliness or untimeliness of the Petition under Section 2244(d)(2), this Court has just learned that a glitch in handling by the Clerk's Office had cast a false light on the matter. To understand the problems that the Petition has encountered and the occasion for this further opinion, a review of some of the bidding is in order.

Within a week after this Court received from the Clerk's Office a copy of the Petition that had arrived in that office on April 9, 2015, this Court issued an April 17 memorandum order

---

[1] All further references to Title 28's provisions will simply take the form "Section --," omitting the prefatory "28 U.S.C. §."

("Order I," a copy of which is attached) that explained the considerable work that this Court had done in reviewing the Petition and in obtaining a good many underlying materials that this Court and its law clerk had been able to gather in that effort. Although Order I began by adverting to the 11-1/2-year time span between Williams' conviction and the filing of the Petition, what is more relevant for habeas purposes is that his conviction became "final" for habeas purposes under Section 2244(d)(1))(A) a bit less than three years after his date of conviction, so that Williams had to establish fully 7-1/2 years of tolling pursuant to Section 2244(d)(2) if he were to avoid the one-year limitations bar established by Section 2254(d).

In that respect Order I really understated the matter in referring to Williams as a "repeat litigator." Because of his multiple unsuccessful efforts to obtain state court relief before turning to the federal courts, more background information than this Court had been able to obtain on its own was needed to evaluate the question of timeliness vel non of the Petition, and Williams' filing indicated the strong likelihood that a good deal of that necessary background information was in his possession. Accordingly Order I provided Williams with an appropriate explanation of the matter and then gave him three weeks (until May 8) to provide this Court "with copies of every opinion and order from the Illinois Appellate Court and Supreme Court that he possesses in connection with his multiple post-conviction efforts," as well as requiring him to provide appropriate information (1) as to his state court exhaustion of the grounds advanced in the Petition and (2) as to some deficiencies in his In Forma Pauperis Application ("Application") and Motion for Appointment of Counsel ("Motion").

When Williams then responded by seeking an extension to May 22 for that filing, providing an entirely reasonable basis for that request, this Court promptly granted it. But when that date came and went without this Court having received any materials at all from Williams, it

issued a June 3 memorandum order directing Williams to file a response on or before June 15 "explaining (1) why he was unable to meet the May 22 deadline and (2) when he expects to comply with the Order fully," failing which Williams was warned that he could be subject to dismissal of this action for want of prosecution.

It is unnecessary (and would be troubling) to recount in detail the multiple back-and-forth court orders and responses by Williams that then ensued. Regrettably this Court's continued perception of Williams' noncompliance led to a dismissal of the Petition for want of prosecution[2] and then, most recently, to Williams' motion for reconsideration. Dissatisfied with the apparent disconnect referred to in Order II in light of Williams' repeated insistence that he had done what Order I had directed him to do, this Court enlisted the able assistance of pro se staff attorney Andrew Lambertson to pursue the matter at the Clerk's Office level.

Attorney Lambertson's efforts disclosed an astonishing result. Here is the entry by the Clerk's Office for Docket No. 10, filed May 14, in its entirety:

> MOTION by Petitioner Kevin A. Williams for extension of time (cc,), (Entered: 05/19/2015)

All that the Clerk's Office had delivered to this Court's chambers was that one-page motion. But attorney Lambertson's pursuit of the matter revealed that Williams' motion had been accompanied by 94 pages (!!) that were not delivered to this Court's chambers and that, upon examination, proved to be just what the original Order I had sought.

In short, Williams had been truthful in his representations, although this Court had not been provided the information that would have disclosed his truthfulness. This Court

---

[2] In that regard this Court's July 1 memorandum order ("Order II, a copy of which is also attached) points to the disparity between Williams' representations and the docket entries that appeared to confirm his noncompliance.

accordingly vacates the dismissal that had been based on a total misapprehension and puts this action back on track. In accordance with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts ("Section 2254 Rules"), the Illinois Attorney General's office is ordered to answer the Petition on or before September 14, 2015. Although that office obviously played no role in the delayed start described here, it would be much appreciated if under the circumstances the case could be given some degree of priority in assignment and handling.

Because of the complexity of Williams' multiple state court post-conviction efforts and their interaction for Section 2244 purposes (especially as to the Section 2244(d)(2) tolling that is essential to its timeliness), this opinion will not be lengthened by an effort to lay out the timetable and the questions that need answers in that respect. Instead this Court will await the assignment of this action to an Assistant Attorney General who can then bring the matter on for in-court presentation at a convenient time, so that this Court can provide oral input as to the relevant timing and the questions that its own efforts to this point have revealed.

_____
Milton I. Shadur
Senior United States District Judge

Date: July 14, 2015

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel.<br>KEVIN WILLIAMS (#R26544),<br><br>           Petitioner,<br><br>    v.<br><br>RANDY PFISTER, Warden,<br>Pontiac Correctional Center,<br><br>           Respondent. | Case No. 15 C 3183 |

## MEMORANDUM ORDER

In the nearly 11-1/2 years since he was convicted of first degree murder and related crimes for which he is currently serving an aggregate 65-year sentence, Kevin Williams ("Williams") has gone to the well an extraordinary number of times in unsuccessful efforts to overturn his conviction and sentence. Now he has turned to the federal court by filing a 28 U.S.C. § 2254[1] Petition for Writ of Habeas Corpus ("Petition"), and the case has been assigned to this Court's calendar under our District Court's system of random assignment. This memorandum order is issued sua sponte because of several problematic aspects revealed by Williams' Petition and by some of the underlying materials that this Court and its law clerk have been able to dredge up after a good deal of effort.

As for Williams' prior efforts to call on the state courts for relief, his Petition lists no fewer than four separate proceedings that he launched after his direct appeal had produced an

---

[1] All further references to Title 28's provisions will simply take the form "Section --," omitting the prefatory "28 U.S.C. §."

affirmance by the Illinois Appellate Court for the First District followed by an unpublished order of affirmance by the Illinois Supreme Court. Thereafter Williams filed and lost challenges that he advanced in (1) two separate post-conviction proceedings, (2) a state habeas action and (3) most recently a petition for relief from judgment pursuant to 735 ILCS 5/2-1401. Because appropriate practice in this District Court calls for a threshold determination of Williams' current Section 2254 action's timeliness or untimeliness,[2] and because it is obviously desirable to engage in the exploration of some possible issue-narrowing before the Illinois Attorney General's Office is put to the laborious task of assembling the records and presenting responsive arguments on so many issues spanning such a long time frame, some more useful information is needed from Williams himself.

In that last respect, although the staff at the Illinois Appellate Court has been entirely cooperative in responding to document requests by this Court's law clerk based on the dating information provided in the current Section 2254 action, that court's recordkeeping is based on its docket numbers (we are advised that the multiplicity of filings bearing the "Kevin Williams" name is so large that a name search is not a feasible means of assembling the information). Because the thoroughness of Williams' listings in the Petition suggests that he is likely to have been meticulous in retaining all relevant documents in connection with this case, he is ordered to provide this Court on or before May 8, 2015 with copies of every opinion and order from the Illinois Appellate Court and Supreme Court that he possesses in connection with his multiple post-conviction efforts.

---

[2] Section 2244(d)(1) establishes a one-year limitation period for Section 2254 actions, so that the timeliness of the current action will depend on Williams' ability to invoke the tolling provisions of Section 2244(d)(2) for periods aggregating nearly 10-1/2 years.

There are also other and more substantive aspects of the present proceeding on which more input is required from Williams to facilitate this Court's initial approach to the current Section 2254 Petition. There he purports to advance no fewer than nine grounds that he views as predicates for federal relief, and his Petition Part III emphasizes, via bold face type and capital letters, this fundamental requirement before a petitioner lists his or her purported grounds:

> Before proceeding in the federal court, you must ordinarily first exhaust your state court remedies with respect to each ground for relief asserted.

Accordingly Williams is further ordered to supplement his Petition with a table that (1) lists each of his grounds for relief (for which purpose just citing the number of each ground will be sufficient) and (2) identifies for each of the grounds which of Williams' unsuccessful state court proceedings (either his direct appeal or one of his four post-conviction efforts) assertedly exhausted that ground.

In that respect the Illinois Appellate Court's unpublished October 18, 2011 opinion (2011 IL App (1st) 091520-U, 2011 WL 9692701) states in part, citing People v. Pendleton, 223 Ill. 2d 458, 469, 861 N. E. 2d 989, 1009 (2006):

> In this appeal from that order [the Cook County Circuit Court's dismissal of Williams' first post-conviction petition], defendant has abandoned his claims of actual innocence and ineffective assistance of trial counsel.

That abandonment, and any other like deficiencies attendant on Williams' journeys through the courts, certainly reads as though it would outlaw as nonexhausted the corresponding grounds that he now seeks to raise under Section 2254: Ground One, which he labels "Petitioner is actually innocent of first degree murder," and Ground Four, in which he charges that he "was denied and deprived of effective assistance of trial counsel."

- 3 -

Order I (page 3)

Later in the same October 18, 2011 opinion the Illinois Appellate Court, again citing Pendleton, rejected Williams' claim there that he had been the victim of ineffective assistance of appellate counsel -- and its basis for that rejection was that Williams had "forfeited the issue for review." Although that ruling was directly responsive to one specific contention as to appellate counsel's claimed deficiency, it appears equally applicable to all of his contentions in that category -- as the opinion stated regarding its predicate for forfeiture:

> Defendant claimed generally that appellate counsel failed to raise each of the 30 claims from his motion for new trial on direct appeal, without delineating any of them.

And that being so, the forfeiture ruling by the Illinois Appellate Court certainly appears likely also to deep-six Williams' Ground Five, which he has stated in these generic terms:

> Petitioner was denied effective assistance of appellate counsel during direct appeal.

What has been said to this point does not of course purport to be exhaustive, for it is drawn only from material that a surface search has turned up. It rather points up the need for further exploration of nonexhaustion issues up front, so that Williams -- who of all people knows where such figurative bodies are buried -- must come forward with more information.

Two last brief comments on unrelated subjects are in order. This memorandum order speaks to them in the interest of completeness.

For one thing, Williams has accompanied his current Petition with an In Forma Pauperis Application ("Application") prepared on another Clerk's-Office-supplied form. In that respect he is advised that the only District Court filing fee charged in Section 2254 actions is the modest sum of $5, so that the Application is denied. Instead Williams is ordered to accompany the

- 4 -

Order I (page 4)

Later in the same October 18, 2011 opinion the Illinois Appellate Court, again citing Pendleton, rejected Williams' claim there that he had been the victim of ineffective assistance of appellate counsel -- and its basis for that rejection was that Williams had "forfeited the issue for review." Although that ruling was directly responsive to one specific contention as to appellate counsel's claimed deficiency, it appears equally applicable to all of his contentions in that category -- as the opinion stated regarding its predicate for forfeiture:

> Defendant claimed generally that appellate counsel failed to raise each of the 30 claims from his motion for new trial on direct appeal, without delineating any of them.

And that being so, the forfeiture ruling by the Illinois Appellate Court certainly appears likely also to deep-six Williams' Ground Five, which he has stated in these generic terms:

> Petitioner was denied effective assistance of appellate counsel during direct appeal.

What has been said to this point does not of course purport to be exhaustive, for it is drawn only from material that a surface search has turned up. It rather points up the need for further exploration of nonexhaustion issues up front, so that Williams -- who of all people knows where such figurative bodies are buried -- must come forward with more information.

Two last brief comments on unrelated subjects are in order. This memorandum order speaks to them in the interest of completeness.

For one thing, Williams has accompanied his current Petition with an In Forma Pauperis Application ("Application") prepared on another Clerk's-Office-supplied form. In that respect he is advised that the only District Court filing fee charged in Section 2254 actions is the modest sum of $5, so that the Application is denied. Instead Williams is ordered to accompany the

materials called for in this memorandum order, which as stated earlier must be filed on or before May 8, 2015, with a payment of the $5 filing fee.

As for the second still-open item, Wilson has submitted another Clerk's-Office-supplied document, this one a Motion for Appointment of Counsel ("Motion") intended for use by unrepresented litigants. That Motion reflects just one unsuccessful attempt to obtain representation by a well-known lawyer, an effort that elicited a response that a non-refundable $1,500 flat fee would be charged "to review your case." That single effort plainly does not satisfy our Court of Appeals' requirement of efforts on the part of a pro se litigant to retain counsel before turning to the court for possible assistance. In any event, though, what has occupied the bulk of this memorandum order makes it appropriate simply to enter and continue the Motion, and this Court does so.[3]

_____
Milton I. Shadur
Senior United States District Judge

Date: April 17, 2015

---

[3] In the interim Williams would be well advised to continue to seek counsel on his own, in the hope that such added efforts will satisfy our Court of Appeals' requirement and perhaps lead to the granting of the Motion -- if the action has survived, of course.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ex rel. **KEVIN WILLIAMS** (#R26594), | ) ) ) |
| Petitioner, | ) ) |
| v. | ) Case No. 15 C 3183 ) |
| **RANDY PFISTER**, Warden, Pontiac Correctional Center, | ) ) ) ) |
| Respondent. | ) |

## MEMORANDUM ORDER

On June 17 this Court issued a brief memorandum order ("Order") that dismissed the 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus ("Petition") that had been filed in this District Court by repeat litigator Kevin Williams ("Williams"). As the Order reflected, that action was taken on the ground that Williams had failed to comply with the extended timetable of an earlier April 17 order that had originally directed him "to provide this Court on or before May 8, 2015 with copies of every opinion and order from the Illinois Appellate Court and Supreme Court that he possesses in connection with his multiple post-conviction efforts." Thereafter Williams had requested an extension to May 22 because he needed more time to comply. This Court of course readily granted the extension, but Williams did not meet that deadline either.

Just after this Court's issuance of the Order this District Court received a "Response to Memorandum Order" that Williams had dated at 10:30 p.m. June 11 but was received on June 17, then a "Supplemental Response to Memorandum Order" that Williams had dated June 15 but was received on June 18. Williams stated in the Response that on or about May 14 he had given

Order II (page 1)

documents to a correctional officer for mailing to the Clerk's Office (though he said nothing there about the actual contents of that asserted delivery), then he reiterated in the Supplemental Response (which did include some documents) that he did in fact comply with the April 17 order before the May 22 extension date. But the documents that Williams has submitted with that Supplemental Response do not include any of the documents that he was directed to furnish. Instead it says that on May 12 (1) he mailed those documents and (2) his mother-in-law paid the $5 filing fee for the Petitioner.

That assertion is belied by the docket, which shows just two items received by the Clerk's Office on May 11 and no other entries on or near that date or the asserted May 14 date (except for his earlier-mentioned motion for an extension to May 22):

1. a receipt for payment of the $5 filing fee on May 11 (not May 12) [Dkt. No. 9],

2. another copy of Williams' original Petition [Dkt. No. 8].[1]

Thus nothing in Williams' Response or Supplemental Response, when compared with what the docket reflects, supports a need to revisit the order of dismissal. Accordingly it remains in effect.

_____
Milton I. Shadur
Senior United States District Judge

Date: July 1, 2015

---

[1] As the attached page 1 of that document shows, it bears both the April 9 "Received" stamp -- the date when the original Petition came to the Clerk's Office -- and May 11 "Filed" stamp. That plainly confirms the fact of a May 11 refiling of the original Petition, not any part of the documentation called for by the Order.

RECEIVED
APR 0 9 2015
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

FILED
5/11/2015
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

United States of America ex rel.

KEVIN WILLIAMS #R26594
(Full name and prison number)
(Include name under which convicted)

PETITIONER

vs.

RANDY PFISTER - WARDEN
PONTIAC CORRECTIONAL CENTER
(Warden, Superintendent, or authorized person having custody of petitioner)

RESPONDENT, and

(Fill in the following blank <u>only</u> if judgment attacked imposes a sentence to commence in the future)

ATTORNEY GENERAL OF THE STATE OF
_____
(State where judgment entered)

15c 3183
Judge Milton I. Shadur
Magistrate Judge Sidney I. Schenkier
PC6

Case Number of State Court Conviction:

01-CR-1019

**PETITION FOR WRIT OF HABEAS CORPUS – PERSON IN STATE CUSTODY**

1. Name and location of court where conviction entered: Circuit Court of Cook County, Illinois

2. Date of judgment of conviction: November 26, 2003

3. Offense(s) of which petitioner was convicted (list all counts with indictment numbers, if known)
First Degree Murder, Count 1: 720-5/9-1(a)(1); Conceal Homicidal Death, Count 5; 720-5/9-3.1(A)

4. Sentence(s) imposed: 60 Years Imprisonment; 5 Years Imprisonment Consecutive

5. What was your plea? (Check one)
(A) Not guilty (✓)
(B) Guilty ( )
(C) Nolo contendere ( )

If you pleaded guilty to one count or indictment and not guilty to another count or indictment, give details:
_____

Revised: 7/20/05

ATTACHMENT

Order II (page 3)