IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ex rel. **KEVIN WILLIAMS** (#R26594), | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | Case No. 15 C 3183 |
| **RANDY PFISTER**, Warden, Pontiac Correctional Center, | ) ) ) ) | |
| Respondent. | ) | |

## MEMORANDUM ORDER

It is an understatement to say that this action, initiated pro se by prisoner petitioner Kevin Williams ("Williams") to challenge his state court conviction and sentence by invoking 28 U.S.C. § 2254,[1] has had a convoluted history. There is no need to rehash that background, for this Court has now received the response to Williams' Section 2254 petition, filed by the Illinois Attorney General's Office on behalf of respondent Warden Randy Pfister -- a response that this Court's July 14, 2015 memorandum order had called for in accordance with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. At the same time, this Court's staff has been apprised by the state prison authorities (1) that the directive to make Williams available to participate by telephone in an anticipated September 3 status hearing is problematic because it would require Williams to be transported to another institution

---

[1] All further references to Title 28's provisions will simply take the form "Section --," omitting the prefatory "28 U.S.C. §."

temporarily (apparently Pontiac Correctional Center, where he is serving his sentence, does not have an appropriate facility for such an arrangement) and (2) that a written formal order directing Williams' telephonic availability would be required in any event.

This further memorandum order is occasioned by the fact that the nature of the Attorney General's just-filed response makes the earlier-contemplated September 3 hearing (and hence Williams' telephonic participation) unnecessary. And that is so because the response is a fully documented "Motion To Dismiss as Time-Barred" that must be addressed at the outset and that presents a legal argument as to which nonlawyer Williams obviously cannot treat with the technicalities involved in the interaction between the one-year limitation period prescribed by Section 2244(d)(1) and the limitation-tolling provision enacted as Section 2244(d)(2).

Accordingly, in light of the motion to dismiss and its detailed analysis of the limitations issue, this Court will conduct its own analysis of the legal problems that it poses. If it turns out that the matter is not open-and-shut, as the Attorney General's memorandum urges, this Court will grant Williams' previously filed motion for legal representation (a motion that has been deferred until now).

_____
Milton I. Shadur
Senior United States District Judge

Date: August 28, 2015