**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** ex rel. <br> **KEVIN WILLIAMS** (#R26594), <br>                        Petitioner, <br><br>                 v. <br><br> **RANDY PFISTER**, Warden, <br> Pontiac Correctional Center, <br><br>                        Respondent. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )   Case No. 15 C 3183 <br> ) <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM OPINION AND ORDER

Several of the memorandum orders and memorandum opinions that this Court has been compelled to write in this 28 U.S.C. § 2254[1] action brought by pro se prisoner Kevin Williams ("Williams") have had occasion to refer to it as "snake bitten" -- an apt characterization stemming from the hitches and glitches that have delayed the ability to address its viability. That was a natural source of concern to this Court lest the delay in arriving at a possible determination that Williams' Section 2254 petition (the "Petition") properly called for relief could mean that his time behind bars had been longer than would have been the case if the merits of his contentions had been dealt with earlier.

Any such concerns have been eliminated by the recently received response that has been filed by the Illinois Attorney General's Office in compliance with this Court's July 14, 2015

---

[1] All further references to Title 28's provisions will simply take the form "Section --," omitting the prefatory "28 U.S.C. §."

opinion that directed such a response pursuant to Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts ("Section 2254 Rules"). But that elimination provides cold comfort to Williams, for that response -- a "Motion To Dismiss as Time-Barred" -- has shown the Petition to be untimely and therefore as calling for its dismissal.

Because the Petition's untimeliness results from a disqualification of two of Williams' state court post-conviction efforts as limitations-tolling events under Section 2244(d)(2), it makes sense to look at those efforts first. Then, once those efforts have been eliminated from consideration, the interaction between the one-year limitation period prescribed by Section 2244(d)(1) and the limitations-tolling period prescribed by Section 2244(d)(2) becomes a simple matter.

Section 2244(d)(2) reads:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

And although a casual reading of that section might not focus primarily on the words "properly filed application" in ascertaining whether any given post-conviction effort does or does not toll the running of limitations, the caselaw teaches otherwise.

Thus Williams' October 2009 filing of a proposed successive post-conviction petition was rejected -- that is, leave to file that petition was denied -- by the state Circuit Court, with that denial then being affirmed on appeal and with the Illinois Supreme Court then having ultimately denied leave to file a late petition for leave to appeal the affirmance on January 30, 2014. That history unquestionably disqualified the proposed successive petition as not having been "properly filed" -- as the per curiam opinion in <u>Martinez v. Jones</u>, 556 F.3d 637, 638-39 (7th Cir. 2009) (citation omitted) has expressly reconfirmed:

Martinez argues that his § 2254 petition is not untimely because his successive petition for postconviction relief tolled his federal statute of limitations. But we have clearly held that where state law requires pre-filing authorization -- such as an application for permission to file a successive petition -- simply taking steps to fulfill this requirement does not toll the statute of limitations. Instead the second petition tolls the limitations period only if the state court grants permission to file it.

That fate also befalls Williams' December 12, 2011 petition for relief from judgment under 735 ILCS 5/2-1401. After that petition was denied because (in addition to its substantive problems) it was untimely, that dismissal was upheld and the Illinois Supreme Court then denied leave to appeal. That sequence rendered the petition not "properly filed" for tolling purposes under the conclusive holding in Pace v. DiGuglielmo, 544 U.S. 408, 414 (2005), reiterated in identical language a few years later in the per curiam opinion in Allen v. Siebert, 552 U.S. 3, 7 (2007) (internal quotation marks and brackets omitted):

> When a postconviction petition is untimely under state law, that is the end of the matter for purposes of § 2244(d)(2).

And for that purpose the "end of the matter" is literally true -- it is irrelevant that, as in this case, the state courts also considered the merits of Williams' claims (Pace, 544 U.S. at 413-14, reconfirming the principle announced in Carey v. Saffold, 536 U.S. 214, 226 (2002)).

With those two potential limitation-tolling candidates under Section 2244(d)(2) thus having been eliminated from the timing race, the task of applying the proper interaction of that statute with Section 2244(d)(1) becomes an easy one. Even though a short period of some days did elapse on the clock before the initial legitimate tolling began, this opinion need not undertake any precise analysis of that period because the legitimate tolling ended on March 10, 2013 in any event:

1. Williams' state habeas corpus petition and his first state post-conviction petition were both launched in 2006 and coexisted for a substantial period of time, so that the tolling of limitations was continuous until the latter of the two was finally disposed of on March 28, 2012 (that was the date on which the Illinois Supreme Court denied leave to appeal from the Appellate Court's affirmance of the Circuit Court's denial of the first post-conviction petition).

2. Hence the limitations clock began to tick on March 29, 2012 (or more precisely, began to tick again, but as stated earlier such additional fine tuning is unnecessary under the circumstances of this case). That too is the express teaching of United States Supreme Court's jurisprudence, this time under the holding in Lawrence v. Florida, 549 U.S. 327, 333-34 (2007) that time used to seek certiorari in the United States Supreme Court (or the equivalent time when certiorari is not sought, as was the case here) is not part of the Section 2244(d)(2) tolling period.

3. Yet Williams' current Section 2254 action in this District Court was not begun until the spring of 2015,[2] many months -- indeed, some two years -- after the Section 2244(d)(1) limitations period of one year, when coupled

---

[2] Although the disparity between the date on which Williams signed the Petition and the date on which it was file-stamped in the Clerk's Office has left its "filing" date unclear under the "mailbox rule" established by Houston v. Lack, 487 U.S. 266 (1988), that subject also need not be explored because the Section 2254 petition is so far out of time under any possible "filing" date.

with the proper tolling period under Section 2244(d)(2) as discussed in paragraph 1, had run out.

In summary, the current action is unquestionably time-barred, and it is accordingly dismissed with prejudice as urged in the respondent's motion to dismiss (Dkt. No. 29). And that in turn renders moot Williams' Motion for Appointment of Counsel (Dkt. No. 4) and its supporting In Forma Pauperis Application (Dkt. No. 3), for the unanswerability of respondent's motion to dismiss could not reasonably be contested by any member of the trial bar who might be drafted to assist Williams. Hence those two requests by Williams are denied as moot.

_____
Milton I. Shadur
Senior United States District Judge

Date: September 1, 2015