# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel.<br>KEVIN WILLIAMS (#R26594),<br><br>                   Petitioner,<br><br>     v.<br><br>RANDY PFISTER, Warden,<br>Pontiac Correctional Center,<br><br>                   Respondent. | Case No. 15 C 3183 |

## MEMORANDUM ORDER

After this Court issued its July 14, 2015 opinion that directed the Illinois Attorney General's Office, pursuant to Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts ("Section 2254 Rules"), to respond to the 28 U.S.C. § 2254[1] action brought by pro se prisoner Kevin Williams ("Williams"), that Office's filing of a detailed narrative describing Williams' post-conviction efforts in the state court system before he attempted to turn to this federal court led to the issuance of this Court's September 1, 2015 memorandum opinion and order ("Opinion") that explained why Williams' Section 2254 petition (the "Petition") was unquestionably untimely and was hence barred by limitations under Section 2244(d)(1). Nothing daunted, Williams has now tendered a hand-printed document captioned "Pro Se Petitioner's Motion Objecting To Respondent's Failure To Provide Document Number Reference Notes With

---

[1] All further references to Title 28's provisions will simply take the form "Section --," omitting the prefatory "28 U.S.C. §."

Their Motion" ("Motion"). Because that Motion is totally without merit, this brief memorandum order explains why it must be denied.

What Williams complains about specifically is that at several points in the Attorney General's response ("Response") a reference is made to pages included in Dkt. No. 10, without copies of those pages having been provided to Williams. No doubt he has accurately reported his nonreceipt of those pages (indeed, it appears that the Assistant Attorney General assigned to the case did not provide Williams with any of the 95 pages that make up Dkt. No. 10), and if anything in the Response had left a meaningful need for input by Williams this Court would have ordered him to file a reply pursuant to Section 2254 Rule 5(e).

But as the Attorney General's Motion To Dismiss as Time-Barred made plain, and as is confirmed by the four pages from Dkt. No. 10 to which Williams refers (copies of which pages are attached to this memorandum order), they simply support the position advanced in the Motion To Dismiss and endorsed by this Court's Opinion that two of Williams' attempted state court post-conviction efforts were not "properly filed" for tolling purposes under Section 2244(d)(2).

That then was indeed "the end of the matter" in terms of eliminating any possibility of federal habeas relief at this late date, as was held in Pace v. DiGuglielmo, 544 U.S. 408, 414 (2005) and since repeated by the United States Supreme Court. In sum, Williams' current Motion is denied.

_____
Milton I. Shadur
Senior United States District Judge

Date: September 15, 2015

109159

SUPREME COURT OF ILLINOIS
CLERK OF THE COURT
SUPREME COURT BUILDING
SPRINGFIELD, ILLINOIS 62701
(217) 782-2035

state Habeas Corpus

November 25, 2009

Mr. Kevin Williams
Reg. No. R-26594
Pontiac Correctional Center
P. O. Box 99
Pontiac, IL 61764

No. 109159 - People State of Illinois, respondent, v. Kevin
Williams, petitioner. Leave to appeal, Appellate
Court, First District.

The Supreme Court today DENIED the petition for leave to appeal in the above entitled cause.

The mandate of this Court will issue to the Appellate Court on December 30, 2009.

Supreme Court of Illinois
Clerk of the Court
Supreme Court Building
Springfield, Illinois 62701
(217)782-2035

113821

March 28, 2012

Mr. Kevin Williams
Reg. No. R-26594
Pontiac Correctional Center
P. O. Box 99
Pontiac, IL 61764

No. 113821 - People State of Illinois, respondent, v. Kevin Williams, petitioner. Leave to appeal, Appellate Court, First District.

The Supreme Court today DENIED the petition for leave to appeal in the above entitled cause.

The mandate of this Court will issue to the Appellate Court on May 2, 2012.

# SUPREME COURT OF ILLINOIS

SUPREME COURT BUILDING
200 East Capitol Avenue
SPRINGFIELD, ILLINOIS 62701-1721

1-3 2014
KAW

State Successive Post Conviction

January 30, 2014

Mr. Kevin Williams
Reg. No. R-26594
Pontiac Correctional Center
P. O. Box 99
Pontiac, IL. 61764

THE COURT HAS TODAY ENTERED THE FOLLOWING ORDER IN THE CASE OF:

M13309 — People State of Illinois, respondent, v. Kevin Williams, petitioner. Leave to appeal, Appellate Court, First District. (No. 1-10-1191)

The motion by petitioner for leave to file a late petition for leave to appeal is <u>denied</u>.

cc: Hon. Lisa Madigan

# SUPREME COURT OF ILLINOIS

SUPREME COURT BUILDING
200 East Capitol Avenue
SPRINGFIELD, ILLINOIS 62701-1721

November 26, 2014

Mr. Kevin Williams
Reg. No. R-26594
Pontiac Correctional Center
P. O. Box 99
Pontiac, IL 61764

No. 118305 - People State of Illinois, respondent, v. Kevin Williams, petitioner. Leave to appeal, Appellate Court, First District.

The Supreme Court today DENIED the petition for leave to appeal in the above entitled cause.

The mandate of this Court will issue to the Appellate Court on December 31, 2014.