# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ex rel. **KEVIN WILLIAMS** (#R26594), | )<br>)<br>) |
| Petitioner, | )<br>) |
| v. | ) Case No. 15 C 3183 |
| **RANDY PFISTER**, Warden, Pontiac Correctional Center, | )<br>)<br>)<br>) |
| Respondent. | ) |

## MEMORANDUM ORDER

This Court never holds any nonlawyer litigant to the standards expected of members of the bar -- instead it always heeds the teaching of <u>Haines v. Kerner</u>, 404 U.S. 519 (1972) that pleadings and other documents tendered by pro se parties in the course of litigation are to be viewed through a more generous lens. Unfortunately petitioner Kevin Williams ("Williams") has disqualified himself from relief under even the most forgiving standards, for he stubbornly refuses to accept the results mandated by controlling authority that so plainly outlaw his effort to obtain federal habeas relief under 28 U.S.C. § 2254.[1] This time Williams has evidenced that stubbornness by tendering what he has labeled as his "Pro Se Petitioner's Motion To Alter or

---

[1] All further references to Title 28's provisions will simply take the form "Section --," omitting the prefatory "28 U.S.C. §."

Amend Judgment," a filing that was received in the Clerk's Office on September 14, 2015 but was not delivered to this Court's chambers until September 17.[2]

In brief, Williams just will not accept the message conveyed by this Court's September 1, 2015 opinion (the "Opinion") in reliance on the per curiam opinion in Martinez v. Jones, 556 F.3d 637, 638-39 (7th Cir. 2009) and the opinion in Pace v. DiGuglielmo, 544 U.S. 408, 414 (2005) -- cases that have unequivocally and conclusively caused two of Williams' state court post-conviction attempts to be found not to have been "properly filed" for tolling purposes under Section 2244(d)(2), so that his Section 2254 Petition is unquestionably time-barred. Simply put, Williams' current filing (like his earlier ones) is totally without merit.

Because Williams' prior performance had indicated that he would very likely continue to pursue his efforts despite this Court's issuance of the Opinion, this Court had briefly deferred its denial of a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts until it learned whether those expectations would be realized. But this should be the end of the road even for Williams, so that this Court now confirms its denial of a certificate of appealability. Williams may of course seek such a certificate from our Court of Appeals under Fed. R. App. P. 22.

Milton I. Shadur
Senior United States District Judge

Date: September 18, 2015

---

[2] As a result, that new filing crossed in transit this Court's September 15, 2015 memorandum order that responded to an earlier objection that Williams had filed in the Clerk's Office. That exchange, however, need not be addressed further in this memorandum order.