# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. **KEVIN WILLIAMS** (#R26594), | ) ) ) |
| Petitioner, | ) ) |
| v. | ) Case No. 15 C 3183 |
| **RANDY PFISTER**, Warden, Pontiac Correctional Center, | ) ) ) ) |
| Respondent. | ) ) |

## MEMORANDUM ORDER

This Court has been more than patient in dealing with the repeated efforts by petitioner Kevin Williams ("Williams") to obtain federal habeas relief under 28 U.S.C. § 2254[1] after what have been demonstrated to be his fatally tardy state post-conviction efforts challenging his conviction and sentencing. Most recently this Court's September 18, 2015 memorandum order rejected Williams' Section 2254 Petition as time-barred under decisions by our Court of Appeals and the Supreme Court whose teaching confirmed that two of Williams' state court post-conviction attempts were not "properly filed" for tolling purposes under Section 2244(d)(2).[2]

---

[1] All further references to Title 28's provisions will simply take the form "Section --," omitting the prefatory "28 U.S.C. §."

[2] That ruling, issued in response to Williams' filing of his "Pro Se Petitioner's Motion To Alter or Amend Judgment," echoed what this Court had already held and explained in its September 1, 2015 opinion.

Now Williams has submitted what he captions as "Pro Se Petitioner's Supplement to Motion To Alter or Amend Judgment," in which supplement he essentially asserts that the federal authorities on which this Court had relied were somehow sapped of any force because they antedated an Illinois Supreme Court decision in People v. Tidwell, 236 Ill. 2d 150, 923 N.E.2d 728 (2010), which dealt with a procedural aspect of the Illinois Post-Conviction Hearing Act provision (725 ILCS 5/122-1(f)) that permits only one such post-conviction petition to be filed without court leave. But as always, Williams has misread the holding and thrust of the relevant authorities.

Most particularly, in his attempt to convert Tidwell's treatment of a different legal question into a holding that is somehow applicable to the situation that he faces here, Williams has failed to recognize that three of the four denials of leave to appeal by the Illinois Supreme Court that were attached as exhibits to this Court's September 15, 2015 memorandum order postdate the Tidwell decision. Those denials, which did not send Williams' case back to the lower courts as was done in Tidwell, but simply rejected his multiple post-conviction efforts as directed by 725 ILCS 5/122-1(f), really negate Williams' effort to urge that the statute should be read out of existence in his case.

Accordingly Williams' most recent submission -- his "Supplement to Motion" -- is rejected as well. And this Court adds the long-past-due statement that no further filings from Williams will be accepted in this case.

                                                  Milton I. Shadur
                                                  Senior United States District Judge

Date: September 29, 2015