IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** ex rel.<br>**KEVIN WILLIAMS** (#R26594), | )<br>)<br>) | |
| Petitioner, | )<br>) | |
| v. | )<br>) | Case No. 15 C 3183 |
| | ) | USCA Case No. 15-3519 |
| **RANDY PFISTER**, Warden,<br>Pontiac Correctional Center, | )<br>)<br>) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

When this Court first received assignment of the pro se 28 U.S.C. § 2254[1] Petition for Writ of Habeas Corpus ("Petition") filed by Kevin Williams ("Williams"), it promptly issued a sua sponte April 17, 2015 memorandum order that began with these two paragraphs:

> In the nearly 11-1/2 years since he was convicted of first degree murder and related crimes for which he is currently serving an aggregate 65-year sentence, Kevin Williams ("Williams") has gone to the well an extraordinary number of times in unsuccessful efforts to overturn his conviction and sentence. Now he has turned to the federal court for filing a 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus ("Petition"), and the case has been assigned to this Court's calendar under our District Court's system of random assignment. This memorandum order is issued sua sponte because of several problematic aspects revealed by Williams' Petition and by some of the underlying materials that this Court and its law clerk have been able to dredge up after a good deal of effort.

> As for Williams' prior efforts to call on the state courts for relief, his Petition lists no fewer than four separate proceedings that he launched after his direct appeal had produced an affirmance by the Illinois Appellate Court for the First District followed by an unpublished order of affirmance by the Illinois Supreme Court. Thereafter Williams filed and lost challenges that he advanced in (1) two separate post-conviction proceedings, (2) a state habeas action and (3) most recently a petition for relief from judgment pursuant to 735 ILCS 5/2-1401. Because

___
[1] All further references to Title 28's provisions will simply take the form "Section --," omitting the prefatory "28 U.S.C. §."

appropriate practice in this District Court calls for a threshold determination of Williams' current Section 2254 action's timeliness or untimeliness,[2] and because it is obviously desirable to engage in the exploration of some possible issue-narrowing before the Illinois Attorney General's Office is put to the laborious task of assembling the records and presenting responsive arguments on so many issues spanning such a long time frame, some more useful information is needed from Williams himself.

---

[2] Section 2244(d)(1) establishes a one-year limitation period for Section 2254 actions, so that the timeliness of the current action will depend on Williams' ability to invoke the tolling provision of Section 2244(d)(2) for a multiyear period.

What then ensued was the issuance of a number of brief memorandum orders addressing problems that were ultimately attributable to what this Court's July 14 memorandum opinion and order identified as a Clerk's Office error in failing to transmit to this Court a volume of material that Williams had sent in response to the April 17 order.

That July 14 opinion concluded by ordering the Illinois Attorney General's Office, in accordance with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts ("Section 2254 Rules"), to answer the Petition on or before September 14. And as the July 14 opinion went on to state:

> Although that office obviously played no role in the delayed start described here, it would be much appreciated if under the circumstances the case could be given some degree of priority in assignment and handling.

As this Court had requested, the response by the Attorney General's Office, which took the form of a "Motion To Dismiss as Time-Barred," was filed well in advance of the September 14 due date. And what it revealed substantively was that two of Williams' pro se state court post-conviction efforts did not qualify as "properly filed" within the meaning of the Section 2244(d)(2) tolling provision, a conclusion unequivocally called for by the per curiam opinion in Martinez v. Jones, 566 F.3d 637, 638-39 (7th Cir. 2009) and by the opinion in Pace v.

DiGuglielmo, 544 U.S. 408, 414 (2005), the latter of which was reiterated in identical language a few years later in the per curiam opinion in Allan v. Siebert, 552 U.S. 3, 7 (2007).

Because those two post-conviction proceedings were knocked out as tolling candidates, the Petition was time-barred by a wide margin. Accordingly this Court's September 1 opinion dismissed the Petition and this action with prejudice, as the Attorney General's response had urged.

As this Court had anticipated because of Williams' litigious history, he simply refused to accept that reality and persisted with repeated efforts that triggered several further memorandum orders from this Court, one dated on September 15, another on September 18, another on September 29 and still another on October 7. Finally, this Court most recently had to issue an October 27 memorandum order to avoid any possible adverse effect stemming from a delay that was ascribable neither to Williams or to this Court, so that Williams' motion for extension of time to file a notice of appeal would be treated as his actual Notice of Appeal.

All of this is a prelude to Williams' most recent pro se filings, one captioned "Pro Se Motion for Certificate of Appealability" (Dkt. No. 50) and another an "Affidavit Accompanying Motion for Permission to Appeal In Forma Pauperis" (Dkt. No. 51). Neither has merit.

As for the former, this Court's September 18 memorandum order has already confirmed the denial of a certificate of appealability and has advised Williams that he may seek such a certificate from our Court of Appeals under Fed. R. App. P. 22. Hence the Dkt. No. 50 motion is denied.

As for the second motion, Thomas v. Zatecky, 712 F.3d 1004 (7th Cir. 2013) teaches that Williams is liable for the entire $505 in appellate filing and docketing fees because his appeal has been taken in bad faith, which Thomas (reconfirming Lee v. Clinton, 209 F.3d 1025 (7th Cir.

2000) equates to the appeal's objective frivolousness. This Court did not view Williams' original filing of the Petition in that light -- after all, he could scarcely have been aware of the judicial rulings as to the meaning of the concept of "properly filed" in Section 2244(d)(2). But now Williams has stubbornly refused to heed the unambiguous holdings of not just one but two definitive and controlling decisions.

For the reasons that have been stated here and in the several memorandum orders and opinions issued earlier by this Court, it holds that the Petition plainly comes under the frivolous-bad-faith rubric. Hence Williams' motion seeking leave to appeal in forma pauperis (Dkt. No. 51) is denied.

_____
Milton I. Shadur
Senior United States District Judge

Date: November 30, 2015